IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE G. SMITH, | |
| **Plaintiff,** | |
| v. | 1:13-cv-4219-WSD |
| NATIONAL CREDIT SYSTEMS, INC., | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Order and Non-Final Report and Recommendation ("R&R") [3], on Plaintiff Willie G. Smith's Complaint under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act [1].

I.   **BACKGROUND**[1]

On December 19, 2013, Plaintiff Willie G. Smith ("Plaintiff"), proceeding *pro se*, filed his Complaint [1], along with an application for leave to proceed *in forma pauperis* ("IFP").  On March 7, 2014, the Magistrate Judge granted Plaintiff

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

IFP status, and conducted a frivolity review of Plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff asserts claims against National Credit Systems, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Plaintiff alleges that, for an unspecified period prior to January, 2005, Plaintiff received a housing subsidy from the United States Department of Housing and Urban Development ("HUD"), and resided at Phillips Winters Apartments ("PWA") in Savannah, Georgia. In January 2005, PWA terminated Plaintiff's subsidy. Plaintiff alleges that this termination was retaliatory, in response to his filing fair housing discrimination complaints against PWA, and for prevailing on a malicious eviction claim against PWA.

On August 26, 2008, PWA initiated a dispossessory action against Plaintiff, in the Magistrate Court of Chatham County, Georgia, for nonpayment of rent. The Magistrate Court granted PWA a writ of dispossession, and awarded PWA $1,074.00 in back rent and fees. In September 2008, the Magistrate Court reported the judgment to three credit reporting agencies.

In December 2008, PWA, operating under the name "Independent Lifestyles, Inc.," hired Defendant to collect from Plaintiff a purported debt of

$7,961.00 in back rent.  Defendant reported a debt in that amount to TransUnion, a credit reporting agency.  On December 6, 2012, Plaintiff contacted TransUnion, to explain that PWA had only been awarded a judgment of $1,074.00.  He requested a reinvestigation of his debt, pursuant to the FCRA, 15 U.S.C. § 1681i.  TransUnion deleted the $7,961.00 debt from Plaintiff's credit report, in light of its investigation.

Between December 19 and December 26, 2012, Defendant resubmitted Plaintiff's purported $7,961.00 debt to Equifax, another credit reporting agency.  Plaintiff contacted Equifax, and explained that this debt was not accurate.  Plaintiff again requested a reinvestigation of this debt, pursuant to the FCRA.  On January 2, 2013, Equifax concluded that the $7,961.00 debt was valid.

Plaintiff alleges that the $7,961.00 is invalid.  Plaint contends that this debt lowered his credit score, and, as a result, he was denied a $20,000 grant under the Georgia Dream Homeowner Assistance Program, and he has been denied the credit purchase of a Hewlett Packard computer.  Plaintiff alleges that Defendant violated the FDCPA and the FCRA.  Plaintiff further alleges that Defendant is liable for intentional infliction of emotional distress under the FCRA, 15 U.S.C. § 1681s-2(a). Plaintiff seeks the removal of the purported debt from his credit report, $7,000 in actual damages, $5,000 in statutory damages, and punitive

damages, to the extent the Court deems appropriate.

On March 7, 2014, the Magistrate Judge issued his R&R, recommending (i) that Plaintiff's intentional infliction of emotional distress claim be dismissed for failure to state a claim, and (ii) that Plaintiff's other claims under the FDCPA and FCRA be allowed to proceed.  The parties did not object to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  The parties did not object to the findings, conclusions, or recommendations in the R&R, and the Court reviews them for plain error.

B.  Analysis

The Magistrate Judge determined that Plaintiff did not show that Defendant's conduct was outrageous enough to support a claim of intentional infliction of emotional distress, and that Plaintiff did not show that he suffered severe emotional distress.  The Magistrate Judge recommended that Plaintiff's claim for intentional infliction of emotional distress be dismissed, and the Court finds no plain error in this recommendation.  See Stroman v. Bank of America Corp., 852 F.Supp.2d 1366, 1382 (N.D. Ga. 2012) (In a case in which the plaintiff alleged that the defendant sent incorrect information to a credit reporting agency, "[p]laintiff . . . failed to allege facts supporting a claim for intentional infliction of emotional distress under Georgia law, because she has not alleged the kind of extreme and outrageous conduct that goes beyond all possible bounds of decency and would be utterly intolerable in a civilized community.") (quotations omitted); see also 28 U.S.C. § 1915(e)(2)(ii) (providing that the district court must dismiss an IFP action that "fails to state a claim on which relief may be granted").

The Magistrate Judge determined that Plaintiff alleged facts sufficient to find Defendant engaged in an act or omission prohibited by the FDCPA.  The Magistrate Judge recommended that Plaintiff's claims under the FDCPA be allowed to proceed, and the Court finds no plain error in this recommendation.  See

McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 911 F. Supp. 2d 1, 59 (D. Mass. 2012) (citing Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 880-81 (11th Cir. 2010) (per curiam)) ("Stating an incorrect amount of . . . debt undeniably violates § 1692e(2)(A).")

The Magistrate Judge determined that Plaintiff alleged that Defendant received notice of the disputed debt from TransUnion and Equifax, and that Defendant did not investigate and report on the disputed debt. The Magistrate Judge thus recommended that Plaintiff's claim under the FCRA, 15 U.S.C. § 1681s-2(b), be allowed to proceed, and the Court finds no plain error in this recommendation. See Stroman, 852 F. Supp. 2d at 1375 ("[O]nce a [credit reporting agency] notifies a furnisher of a dispute, this triggers the furnisher's obligation to conduct an investigation with respect to the disputed information . . . .")

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Order and Non-Final Report and Recommendation [3] is **ADOPTED**, Plaintiff Willie G. Smith's claim for intentional infliction of emotional distress is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's remaining claims

are **ALLOWED TO PROCEED**.

**SO ORDERED** this 15th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE